The opinion of the Court was afterward drawn up by
Parker C. J.
We do not think that the right of the master of the house of correction to recover the expenses of supporting such persons as shall be thereto committed, can depend upon the strict execution of the laws in other respects by those officers upon whom the duty of enforcing them is enjoined. The persons for whose support this action is brought are agreed to be paupers, whose legal settlement was in the town of Salem ; so that by the terms of St. 1826, c. J42,[1] that town is liable to the keeper for the amount of the expenses allowed by the Court of Sessions.
But it is objected, that the Court of Sessions had neglected its duty, as prescribed by St. 1802, c. 22,[2] in regard to fur *341 nishing materials for labor, establishing rules and regulations for the employment and government of persons sent to the home of correction, and in other respects, and that for this cause the plaintiff is not entitled to recover The expenses having accrued for the support of persons chargeable as paupers to Salem, they having been sent there by competent authority, and the keeper being obliged to receive them, we think his right to compensation is not to be affected by the neglect of the Court of Sessions. The case comes clearly within St. 1826, c. 142, so far as it relates to expenses accrued after the passing of that statute, and as to antecedent expenses, the statute of 1802, c. 22, establishes the same right. The towns by whose authority paupers were sent to the house of correction,, should have taken legal measures to cause the Court of Sessions to perform their duty ; the master of the house had not the authority or power to do this.
But it is objected, that the town had no notice of the proceedings of the Court of Sessions in settling the account of the master, and therefore they ought not to be bound by their order. No notice is specifically required by the statute, but the Court of Sessions are to settle the accounts, upon due inquiries into the circumstances of each case. In order to make their order conclusive, they should have given notice to the inhabitants of Salem, or their authorized agents. Without such notice the account which they have allowed is open to examination, and the jury may determine upon the amount due, or the liability of the town charged, if the settlement of the persons on whose account the expenses arose shall be contested, but the omission to give notice does not defeat the right of action. Instead therefore of a default, the parties may go to trial, if they see fit; otherwise the defendants ought to be defaulted, and judgment will be rendered for the amount allowed.

 See Revised Stat. c. 143, § 15,16.

 See Revised Stat. c. 143, $ 14.